NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM ABULKHAIR, | Civil Action No.: 10-1820 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| TOSKOS, et. al., | |
| Defendants. | |

**LINARES,** District Judge

Plaintiff seeks to sue New Jersey Superior Court Judge Menelaos Toskos, William Smith, Esq., and the law firm of Hook, Smith, and Meyer. The Court has previously granted Plaintiff's application to proceed in forma pauperis. The Court now reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.

I.   BACKGROUND

Plaintiff filed the instant action on April 9, 2010. On April 21, 2010, this Court granted Plaintiff's application to proceed in forma pauperis. Hover, upon reviewing the complaint this Court found that, in the "General Factual Allegations" section, Plaintiff stated: "[t]he Plaintiff has exhausted all of his state remedies when the New Jersey Supreme Court considered the same on March 20, 2010." Complaint ("Compl.") ¶ 30. Thus, this Court dismissed Plaintiff's

complaint because his claims appeared to be barred by the Rooker-Feldman Doctrine. Nevertheless, the Court dismissed the Complaint without prejudice and Plaintiff was instructed to, upon resubmission, identify a federal claim that had not been previously litigated in state court and specifically certify that the claim had not been previously litigated.

On May 7, 2010, Plaintiff filed an amended complaint. However, rather than clarify whether the claims from his initial complaint had been litigated in state court, Plaintiff simply deleted the aforementioned statement and added additional factual allegations and legal arguments for his claims. Due to the Court's jurisdictional concerns, on July 23, 2010, Plaintiff was given 20 additional days in which to submit a certification to the Court stating whether any of the claims he asserts in his Amended Complaint have been previously litigated in another court. Order to Submit Certification, July 23, 2010 at 2.

On July 27, 2010, Plaintiff submitted a certification stating that "a true copy of the entire state court litigated complaint is annexed hereto for the Court to sort out on its own which claims 'have been previously litigated in another court'." Certification of Abulkhair ("Abulkhair Cert.") ¶ 3 (emphasis added). Annexed to the Abulkhair Cert. is a Special Civil Complaint form in which it appears Plaintiff sued William Smith, Esq. and the law firm of Hook, Smith and Meyer in New Jersey Superior Court for the same claims alleged in the instant complaint. To date, these are the only details that Plaintiff has provided to this Court regarding this state court action.

## II.      LEGAL STANDARD AND DISCUSSION

The Rooker-Feldman Doctrine precludes district courts from exercising appellate jurisdiction over state court judgments unless Congress has specifically authorized such relief. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v.

Feldman, 460 U.S. 462 (1983). The Doctrine serves as a jurisdictional bar to "cases brought by state-court loses complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of these judgments." Exonn Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). There are four requirements that must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothchild LLP, 2010 WL 3035466 *4 (3d Cir. Aug. 5, 2010).

  As Plaintiff has not explicitly complied with the Court's order, requiring him to certify which claims had already been litigated in state court, but merely points this Court to his State Court Complaint, this Court turns to said Complaint for guidance. The Special Civil Complaint form attached to Plaintiff's certification shows on its face that Plaintiff has, prior to initiating the instant claims in federal court, already litigated the same claims against William T. Smith and Hooker, Smith, & Meyer and received an unfavorable decision that he now seeks to reverse. Thus, Plaintiff's claims against Defendants William T. Smith are Hooker, Smith & Meyer are barred by the Rooker-Feldman doctrine.

  Even if Plaintiff's claims are not barred by the Rooker-Feldman doctrine, Plaintiff's claims fail for lack of subject-matter jurisdiction. Plaintiff asserts that this Court has federal question jurisdiction over this matter as he brings a 42 U.S.C. § 1983 claim against Defendant Toskos, a New Jersey Superior Court Judge. Plaintiff claims that Defendant Toskos' failure to recuse himself from Abulkhair v. Smith, A-6525-05, a case in which Plaintiff was a party,

prejudiced Plaintiff's constitutional rights. In his own words, Plaintiff repeatedly underscores that Defendant Toskos' actions were taken "under color of statute, regulation, custom or usage of the State of New Jersey within the meaning of 42 U.S.C. § 1983." Amended Complaint ("Am. Compl.") ¶ 49. However, Judges are immune from suit under § 1983. Brookhart v. Rohr, 385 Fed. Appx. 67, 70 (3d Cir. 2010) citing Mireles v. Waco, 502 U.S. 9 (1991) ("Judges are absolutely immunized from a suit for money damages arising from their judicial acts."). Thus, Plaintiff is barred from bringing a § 1983 suit against Defendant Toskos.

Plaintiff also brings claims under § 1983 against Defendants Smith and Hooker, Smith, & Meyer. To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law, and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). As Defendants Smith and Hooker, Smith & Meyer are not state actors, Plaintiff may not bring § 1983 claims directly against them without also alleging involvement or conspiracy with another state actor. See Brown v. City of Philadelphia, 199 Fed. Appx. 107, 109 (3d Cir. 2006 (citing Tower v. Glover, 467 U.S. 914, 916 (1984)) ("[A private actor] still may be sued for civil rights violations if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit."). In the case at bar, however, Plaintiff's complaint does not allege any facts with sufficient specificity that would raise an inference that Defendants Smith and Hooker, Smith & Meyer engaged in conspiratorial behavior with Defendant Toskos, which would subject them to liability under § 1983. See Brown, 199 Fed. Appx. at 109.

Plaintiff also brings claims against Judge Toskos pursuant to 28 U.S.C. § 455 and New

Jersey Rule 1:12, which provide, *inter alia*, that a Judge should recuse him or herself where there is any reason which might preclude an unbiased hearing and judgment.  Plaintiff alleges that Judge Toskos was formerly a partner in the law firm of Herten, Burstein, Sheridan, Cevasco, Bottinelli, Toskos & Harz, LLC ("Herten, Burstein"), the law firm that represented Plaintiff's adversary in Abulkhair v. Smith.  Plaintiff claims that Defendant Toskos' former affiliation with Herten, Burstein was sufficient to warrant recusal.

However, Plaintiff has not provided a shred of evidence suggesting bias, prejudice, or improper motive by Judge Toskos other than that fact that Plaintiff received an unfavorable decision.  Rather, Plaintiff makes a series of conclusory statements that accuse Judge Toskos of "interven[ing]" and "conspir[ing]" to "take over Abulkhair's matter."  Am. Compl. ¶ 70.  These unsupported allegations are insufficient to sustain a claim pursuant under either 28 U.S.C. § 455 and New Jersey Court Rule 1:12.  See United States v. DiPasquale, 864 F.2d 271, 279 (3d Cir. 1988) ("[A]bsent a specific showing that [the] judge was previously involved with a case . . . § 455(b)(3) does not mandate recusal."); State v. Horton, 199 N.J. Super. 368, 376 (1985) ("Since the trial judge had never been an attorney for defendant 'in the action' before us, technically there would be no disqualification under R. 1:12-1(c) . . .").

Plaintiff also fails to state a claim for violation of due process.  Instead, he merely repeats the allegations of his § 1983 claims.  As this Court has already determined that those claims should be properly dismissed, so should his due process claims.

Lastly, Plaintiff brings a common law tort claim for negligent infliction of emotion distress.  However, this tort requires that the "Plaintiff have been in danger and suffered some physical harm as a result of the emotional distress." McCauley v. University of the Virgin Islands, 618 F.3d 232,

251 n.3 (3d Cir. 2010).  The New Jersey Supreme Court has held that where the "fright does not cause *substantial* bodily injury or sickness, it is to be regarded as too lacking in seriousness and too speculative to warrant the imposition of liability." Falzone v. Busch, 214 A.2d 12, 17 (1965) (emphasis in original); see also, Restatement (Second) Torts § 436A ("If the actor's conduct is negligent as creating an unreasonable risk of . . . emotional disturbance to another . . without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.").  As the record is completely devoid of any facts indicating that Plaintiff sustained any injury or received medical attention for an injury or illness, Plaintiff has failed to establish this crucial element of his tort claim.

As this Court instructed Plaintiff in its Order dated April 20, 2010, and has repeatedly done so in myriad orders, "stating a federal claim does not mean merely listing federal statutes; he must bring a claim based on federal law and assert allegations demonstrating a violation of that particular federal law." Order Dismissing Case, April 20, 2010, ¶ 3.  Plaintiff has once again failed to meet this burden and his claims must be dismissed.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed in its entirety with prejudice.  An appropriate order accompanies this opinion.


DATED: February 28th, 2011

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE